IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie Young,<br><br>                    Plaintiff,<br>    vs.<br><br>Bryan P. Stirling, S.C. Dept. of Correct.;<br>Jerry B. Adger, S.C. Dept. of Probation,<br>Parole, Parson Servs; Shirley C. Robinson,<br>S.C. Admin. Law Court,<br><br>                    Defendants. | Civil Action No. 6:23-cv-4392-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. On September 21, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28

U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed because Plaintiff "is actually seeking to have the order denying his parole request overturned and to be released on parole – an action this court cannot order in this civil rights action." ECF No. 9 at 3.  The Report also explains the claim is subject to dismissal because prisoners do not have a constitutionally recognized liberty interest in being released on parole, so he has not identified a protected liberty interest that cannot be deprived without due process. *Id.* at 4. Finally, the alleged injuries of emotional and psychological distress are not constitutionally cognizable. *Id.*

Plaintiff objects to the Report, contending he is seeking monetary damages for the lack of procedural due process in denying his parole review process. ECF No. 11 at 2.  He notes he is not seeking release, but only money damages, and he raises his liberty claim "based on a state created liberty interest" from state statute, which provides he is allowed parole review after seven years of incarceration. *Id.* (citing S.C. Code § 16-11-330). He argues the Supreme Court held when a statute creates a liberty interest, due process requires "fair procedure for its vindication and federal courts will review the application of those constitutionally required procedures."  *Id.* at 3 (citing

2

*Swarthout v. Cooke*, 562 U.S. 216, 222 (2011)).[1]  Finally, he objects to the Report's determination his alleged injuries of emotional and psychological distress are not cognizable, asserting "this was intentional infliction to create emotional distress." *Id.* at 4.

The court agrees with the Magistrate Judge there is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence, and thus there is no protected liberty interest in being released to parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Further, "[d]ecisions of the executive branch, however serious their impact, do not automatically invoke due process protection." *Id.*  Although Defendant asserts the State created a right to parole review after seven years of incarceration by statute, the statute cited by Defendant does not actually create any right to a parole review – it merely notes a person "convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence." S.C. Code Ann. § 16-11-330. Accordingly, there is no "state created liberty interest" in a parole review, and as there is no constitutional right to release on parole prior to the expiration of a sentence, it does not appear to the court there is a protected liberty interest at stake here.  Plaintiff's objection is therefore overruled.[2]

---

[1] The court notes *Swarthout* was brought by way of motion under 28 U.S.C. § 2254 for release on parole, not a § 1983 action for damages, as here.

[2] Without a constitutionally protected liberty interest, Plaintiff cannot make out his claim for a violation of procedural due process.  The court, therefore, need not reach the emotional distress/damages argument, and declines to do so.

3

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation the matter should be summarily dismissed. Accordingly, the court adopts the Report by reference in this Order. This matter is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 12, 2023